**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| JAMES REGESTER, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND TO | § | |
| K.R., A.R., A.R., MINOR CHILDREN; | § | |
| LEONID ZAPOLSKYY AND OLGA | § | |
| ZAPOLSKYY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-796 |
| | § | |
| GENERAL MOTORS, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:**

COMES NOW, JAMES REGESTER, INDIVIDUALLY AND  AS NEXT FRIEND TO K.R., A.R., A.R., MINOR CHILDREN;  LEONID ZAPOLSKYY AND OLGA ZAPOLSKYY, (hereinafter referred to as "Plaintiffs"), and respectfully file this Original Complaint against GENERAL MOTORS, LLC (hereinafter referred to as "Defendant"), and in support thereof would state and show the following:

### A.  Parties

1.    Plaintiff James Regester, is the surviving spouse of Dana Regester, deceased. He resides in and is a citizen of Flint, Texas.

2.    Plaintiffs K.R., A.R., A.R., minor children, are the surviving biological children of James Regester and Dana Regester, deceased. They reside in and are citizens of Flint, Texas.

3.      Plaintiffs Leonid Zapolskyy and Olga Zapolskyy, are married and are the surviving biological parents of Pasha Zapolskyy, deceaed. They reside in and are citizens of Ukraine.

4.      Defendant General Motors LLC is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street Suite 620, Austin, Texas 78701-4234.

## B.  Jurisdiction

5.      This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.  The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## C.  Facts

6.      On or about March 4, 2015, Dana Regester was driving a 2013 Chevrolet Traverse (VIN#1G1RA6E40DU122643), traveling northbound on FM 2493, near CR 141 in Smith County, Texas.  Dana Regester was struck head-on by a vehicle being driven by Carl Crabtree.

7.      At the time of the accident, Plaintiffs,  Dana Regester, Pasha Zapolskyy and A.R., a minor, were properly seated and wearing their 3-point seat belt.

8.      However, despite being properly restrained, Plaintiffs, Dana Regester and Pasha Zapolskyy sustained fatal injuries when their vehicle failed to protect them. Plaintiff A.R., a minor, was seriously injured when her vehicle failed to protect her.

## D.  Cause(s) of Action As To Defendant General Motors LLC.

9.     Defendant General Motors, LLC, although it may not have actually designed, manufactured, marketed, distributed, assembled, and/or tested the subject vehicle, has assumed all liabilities for claims with respect to the vehicle in question.

10.     Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, distributed, assembled, and/or tested said vehicle in question.

11.     Defendant knew or should have known of safer alternative designs which would have prevented the accident and/or the injuries of the occupants in the vehicle.

12.     Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, distributed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

a.     the vehicle fails to provide adequate occupant protection in shallow offset impacts;

b.     the vehicle fails to provide adequate vehicle crashworthiness;

c.     the vehicle's occupant protection systems are rendered useless because the vehicle was not designed and tested to perform properly in narrow frontal offset impacts;

d.     the vehicle's structure fails to provide adequate protection during narrow frontal offset impacts;

e.     the vehicle's structure is weak, inferior and inadequate;

f.     the vehicle's structure violates principles of crashworthiness;

g.     the vehicle is defective and unreasonably dangerous;

h.     the vehicle was not properly tested;

    i.     the vehicle was not subjected to proper engineering analysis;

    j.     the Defendant was negligent for not properly testing or conducting proper engineering analysis

    k.     the vehicle failed to provide proper restraint throughout the entire accident sequence;

    l.     the vehicle's structure was weak, inferior, and/or unreasonably dangerous;

    m.     the vehicle violated one or more principles of crashworthiness; and/or

    n.     Defendant failed to conduct adequate testing.

13.    The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

14.    The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Dana Regester and Pasha Zapolskyy fatal injuries.

15.    The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of A.R., a minor's serious injuries.

### E.  Damages to Plaintiffs

16.    As a result of the acts and/or omissions of the Defendant, Plaintiffs, James Regester, K.R., A.R., A.R., minor children, have suffered past and future:  loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the death of Dana Regester.

17.    As a result of the acts and/or omissions of the Defendant, Plaintiff James Regester, has become obligated to pay reasonable and necessary funeral and burial expenses as a result of the fatal injuries to Dana Regester.

18.     As a result of the acts and/or omissions of Defendant, Plaintiffs, K.R., A.R., A.R., minor children, have suffered mental anguish and emotional distress over the shock from the sensory and contemporaneous observance of the death of their mother, Dana Regester.

19.     The above and foregoing acts and/or omissions of the Defendant, resulting in the fatal injuries to Dana Regester, have caused actual damages to Plaintiffs in excess the minimum jurisdictional limits of this Court.

20.     As a result of the acts and/or omissions of Defendant, Plaintiff, A.R., a minor, has endured pain and suffering, extreme emotional distress, mental anguish, impairment, disfigurement, interference with her daily activities, and a reduced capacity to enjoy life as a result of her serious injuries.

21.     As a result of the acts and/or omissions of Defendant, Plaintiff, James Regester has become obligated to pay extensive medical expenses in the past and, will continue in the future, as a result of A.R., a minor's serious injuries.

22.     The above and foregoing acts and/or omissions of Defendant, resulting in the serious injuries to Plaintiff, A.R., a minor, has caused actual damages to Plaintiffs, in an amount in excess of the minimum jurisdictional limits of this Court.

23.     As a result of the acts and/or omissions of the Defendant, Plaintiffs, Leonid Zapolskyy and Olga Zapolskyy, have suffered past and future:  loss of care, maintenance, support, services, advice, counsel, reasonable contributions of a pecuniary value, loss of companionship and society, loss of consortium, and mental anguish as a result of the death of Pasha Zapolskyy.

24.     As a result of the acts and/or omissions of the Defendant, Plaintiffs, Leonid Zapolskyy and Olga Zapolskyy, has become obligated to pay reasonable and necessary funeral and burial expenses as a result of the fatal injuries to Pasha Zapolskyy.

25.     As a result of the acts and/or omissions of Defendant, Plaintiffs, Leonid Zapolskyy and Olga Zapolskyy, have suffered mental anguish and emotional distress over the shock from the sensory and contemporaneous observance of the death of their mother, Pasha Zapolskyy.

26.     The above and foregoing acts and/or omissions of the Defendant, resulting in the fatal injuries to Pasha Zapolskyy, have caused actual damages to Plaintiffs in excess the minimum jurisdictional limits of this Court.

## **F.  Prayer**

27.     For the reasons presented herein, Plaintiffs pray that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendant for:

a.     economic and non-economic damages;
b.     prejudgment and post-judgment interest beginning March 4, 2015;
c.     costs of suit; and
d.     all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

 s/E. Todd Tracy
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
Stewart Matthews
State Bar No. 24039042
smatthews@vehiclesafetyfirm.com
Andrew G. Counts
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, TX  75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFFS**