IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JAMES REGESTER, INDIVIDUALLY AND AS NEXT FRIEND TO K.R., A.R., A.R., MINOR CHILDREN; LEONID ZAPOLSKYY AND OLGA ZAPOLSKYY; BOYD TATUM AND PATSY TATUM<br><br>　　　Plaintiff,<br>v.<br><br>GENERAL MOTORS, LLC<br><br>　　　Defendant. | Civil Action No. 2:15-CV-796 |

## AGREED FINAL JUDGMENT

Before the Court are the Parties' Agreed Motion for Entry of Final Judgment. This case arises from an automobile accident that occurred on March 4, 2015, in which Dana Regester was driving a 2010 Chevrolet Traverse (VIN 1GNLREED0AS126321) that was struck by a vehicle driven by Carl Wayne Crabtree. Jonathon Kyle Regester, Ashlee Regester and Amie Regester among others were passengers in the vehicle at the time of the accident. Dana Regester died as a result of injuries suffered in the crash and Ashlee Regester was seriously injured. James Regester, individually and as next friend to minors Ashlee and Amie Regester, filed this lawsuit against General Motors LLC (GM) asserting product liability causes of action claiming that the vehicle was defective because it was not crashworthy and failed to provide adequate occupant protection. GM has denied Plaintiffs' allegations.

Plaintiff James Regester, in connection with the death of Dana Regester, sought recovery of damages from GM consisting of past and future loss of care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, loss of companionship and society, loss of consortium, and mental anguish in his individual capacity and as next friend to minors Ashlee and Amie Regester as wrongful death beneficiaries of Dana Regester. James

Defendant is to pay Plaintiffs, or have paid on its behalf, certain sums of money in exchange for a full settlement and release of all claims, demands, and causes of action, whether known or unknown, which have arisen, or may arise, as a result of the vehicle in question.

General Motors LLC will pay, or cause to be paid, the Periodic Payments listed in the Payments Section of the Confidential Settlement Agreement and Release. The obligation to make the Periodic Payments will be transferred, via a Qualified Assignment, to Pacific Life & Annuity Services, Inc. General Motors LLC, itself or through Pacific Life & Annuity Services, Inc., will fund the liability to make the Periodic Payments through the purchase of annuity contracts from Pacific Life Insurance Company.

The duly appointed guardian ad litem having asked for and received reasonable time to acquaint herself with the facts and the law of the case, and after study and deliberation, reported to the Court that, in her opinion, the confidential agreement, inclusive of the periodic payments on behalf of minors Ashlee and Amie Regester, presented to the Court was fair, just, reasonable, and in the best interest of the minors and should be approved.

The Court having reviewed (i) the confidential agreement, (ii) testimony provided, and (iii) the pleadings in this case, finds that there is a dispute as to liability and damages. The Court further finds from the evidence that the agreement is a compromise settlement agreement and is not an admission of liability on the part of the Defendant, and further, the Court is of the opinion that the agreement of settlement, inclusive of the periodic payments on behalf of minors Ashlee and Amie Regester, is just, fair, reasonable, and should be approved. Thus, the agreement is hereby **APPROVED**.

Accordingly, this Court makes the following findings and Orders:

It is **ORDERED, ADJUDGED, and DECREED** that Plaintiffs and Defendant have satisfactorily compromised and settled all of the issues involved herein; and

Regester also sought damages as next friend of Ashlee Regester for the injuries she directly suffered in the accident.

Subject to the Court's approval, a settlement agreement has been reached by Plaintiffs James Regester, Jonathon Kyle Regester, and Ashlee Regester and Amie Regester through their ad litem and GM. The confidential settlement agreement, which has been provided to the court for review in camera, provides for, among other things, payments for the benefit of the minors Ashlee and Amie Regester, on behalf of Defendant sums specified in the agreement in full and final settlement of all past and future claims, demands, and causes of action which have been held or may now or in the future be owned or held by or on behalf of Plaintiffs James Regester, Jonathon Kyle Regester, Ashlee Regester and Amie Regester, as a result of the accident that occurred on March 4, 2015 and the 2010 Chevrolet Traverse including, without limitation, those for wrongful death, personal injury, death, physical pain and suffering, mental pain and anguish, physical impairment, loss of earnings, loss of earning capacity, loss of consortium, loss of parental consortium, subrogation, pecuniary losses and/or other losses, psychiatric or psychological expense, doctors' fees, hospital expenses, funeral and/or burial expenses, workers' compensation expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which have arisen, or may arise, as a result of the accident, the vehicle and its component parts, the death of Dana Regester or the injuries or damages sustained by Plaintiffs James Regester, Jonathon Kyle Regester, Ashlee Regester, or Amie Regester.

Plaintiffs, Plaintiffs' counsel, and guardian ad litem for minors Ashlee and Amie Regester determined how the settlement amount was to be apportioned among Plaintiffs. Defendant had no involvement whatsoever in the apportionment of the settlement amount. The guardian ad litem is of the opinion that the apportionment of the settlement was fair, just, reasonable, and in the best interest of minors Ashlee and Amie Regester.

It is further **ORDERED, ADJUDGED, and DECREED** by the Court that payment of the monies to Plaintiffs as set forth in the executed Confidential Settlement Agreement and Release, fully and finally satisfies and discharges in full all obligations of Defendant to Plaintiffs, as set forth in the confidential agreement.

It is further **ORDERED, ADJUDGED, and DECREED** that the rights to receive the future Periodic Payments for the minor children described herein ("Periodic Payments") cannot be accelerated, deferred, increased or decreased by Plaintiffs or any payee; nor shall Plaintiffs or any payee have the power to sell, mortgage, pledge, encumber or anticipate the periodic payments or any part thereof, by assignment or otherwise. The rights to receive periodic payments granted to the minor Plaintiffs may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court, as evidenced by an Order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, Section 141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Further, prior to any sale, transfer, hypothecation, pledge or other alienation, the then-sitting Judge of this Court, must be presented with three (3) quotes from three (3) totally independent companies. A quote is defined as the amount of money that the purchaser is willing to pay the annuitant/payee for the right of the purchaser to receive the specified future periodic payments. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payments rights that has not been so approved will be a direct violation of this Order..

It is further **ORDERED, ADJUDGED, and DECREED** that the terms of the confidential agreement are fair and equitable and that the agreement should be, and is hereby in all things approved, and the Court hereby specifically finds that the confidential agreement is in the best interest of minor Plaintiffs Ashlee and Amie Regester and the actions of the duly appointed guardian ad litem, Bonnie Leggat, in executing the agreement are hereby ratified and approved,

and are hereby held to be binding upon the minors Ashlee and Amie Regester for whom Bonnie Leggat acted.

The Court has been advised by the parties that all matters in controversy between Plaintiffs and Defendant have been fully and completely resolved, and Plaintiffs no longer desire to pursue their claims against Defendant.

Therefore, it is further **ORDERED, ADJUDGED, and DECREED** that all claims are DISMISSED WITH PREJUDICE with court costs to be paid by the party incurring the same.

It is further **ORDERED, ADJUDGED, and DECREED** that Guardian Ad Litem fees in the amount of $5,000.00 will be paid by Defendant within 10 days of entry of Order.

IT IS SO ORDERED this the 29th day of February, 2016.

_____
PRESIDING JUDGE

Agreed:

/s/ Andrew G. Counts
E. TODD TRACY (Lead Counsel)
State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
STEWART D. MATTHEWS
State Bar No. 24039042
SMatthews@vehiclesafetyfirm.com
ANDREW G. COUNTS
State Bar No. 24036408
ACounts@vehiclesafetyfirm.com

THE TRACY FIRM
4701 Bengal Road
Dallas, Texas 75235
Telephone: 214.324.9000
Facsimile: 972.387.2205

**COUNSEL FOR PLAINTIFF**

/s/ Gary W. Davis, Jr.
Gary W. Davis, Jr., *lead counsel*
State Bar No. 05492500
gary.davis@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2901 Via Fortuna Drive, Ste. 500
Austin, Texas 78746
512-874-3800
512-874-3801 (Fax)

**JOSE M. LUZARRAGA**
State Bar No. 00791149
jose.luzarraga@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, TX 75201
Telephone: 972.616.1700
Facsimile: 972.616.1701

**ATTORNEYS FOR DEFENDANT GENERAL MOTORS LLC**

BONNIE LEGGAT
mail@bonnieleggat.com
LAW OFFICE OF BONNIE LEGGAT
P.O. Box 3347
Longview, Texas 75606
Telephone: 903-918-8868
Facsimile: 888-655-1655

**GUARDIAN AD LITEM FOR MINORS ASHLEE AND AIMEE REGESTER**